# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STANLEY HOWARD,** : | |
|     **Plaintiff,** : | |
| : | |
| **v.** : | **CIVIL ACTION NO. 23-CV-5079** |
| : | |
| **FEDERAL RESERVE** : | |
| **BOARD OF GOVERNORS,** *et al.*, : | |
|     **Defendants.** : | |

## MEMORANDUM OPINION

**Goldberg, J.**                                                                                                                                               **April 24, 2024**

Currently before the Court is a Complaint ("Compl." (ECF No. 2)) filed by Plaintiff Stanley Howard, a self-represented litigant, asserting claims against the Federal Reserve Board of Governors ("Board"), the Federal Reserve Bank, and "Member Banks." (*Id*. at 1.) Howard has also filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and a Motion for Summary Judgment (ECF No. 4 at 8-10).[1] For the following reasons, the Court will grant Howard leave to proceed *in forma pauperis* and dismiss his Complaint for lack of jurisdiction.

## I.  FACTUAL ALLEGATIONS[2]

Howard's *pro se* Complaint is not entirely clear, but his claims appear to be connected to the use and purpose of a Social Security number. He alleges that social security numbers are not to be used for identification purposes but are only federal account numbers. (Compl. at 3.) He avers that when a lender uses an individual's Social Security number as personal identification and

---

[1] The Motion for Summary Judgment is included with a series of documents docketed as "Exhibits." (*See* ECF No. 4 at 8-10.) The Clerk of Court will be directed to separately docket these pages as "Plaintiff's Motion for Summary Judgment." Considering the disposition of Howard's Complaint, the Motion for Summary Judgment will be denied as moot.

[2] The factual allegations are taken from Howard's Complaint. (ECF No. 2.) The Court adopts the pagination supplied by the CM/ECF docketing system.

for purposes of creditworthiness, this may result in unfair credit treatment "by holding a card holder responsible for an interest-bearing debt that is not actually the card holders, simply because their social security number is legally subrogated with another account number."[3]  (*Id*.)  He also refers to consumer fraud.  (*Id*. at 2, 3.)

Howard alleges that the Board oversees the operations of the twelve Federal Reserve Banks, and that the Board and Federal Reserve Banks are responsible for supervising and regulating financial institutions and activities.  (*Id*. at 4.)  He further alleges that the Board has encouraged the use of assigned Social Security numbers as identification and has committed constructive fraud by making deceptive statements or remaining silent regarding a Social Security account holder, which Howard alleges creates a false impression of the account holder and results in financial injury. (*Id*.)  Howard avers that the Philadelphia Federal Reserve Bank and its Member Banks have engaged in consumer fraud and identity theft by treating a bank customer's Social Security number as personal identification.  (*Id*. at 4-5.)   Howard contends that he is making a claim in equity as the legal titleholder to his assigned Social Security number with a contractual right to a monthly payment and demands that the Court require the Defendants to provide him with honest service.[4]  (*Id*. at 5.)  He also sets forth a claim for violation of his Fifth Amendment rights, and a claim pursuant to 18 U.S.C. § 242 against the Board. [5]  (*Id*. at 5.)  He asks that the Court

---

[3]    The Court infers that Howard is referring to a credit check.

[4]    Howard may be seeking to challenge a miscalculation or denial of his Social Security benefits. District Courts have jurisdiction to review final decisions of the Commissioner of Social Security under 42 U.S.C. § 405(g).  Any request for review, however, must be brought against the Commissioner of Social Security in a new civil action.

[5]    Criminal statutes, including 18 U.S.C. § 242, generally do not give rise to a basis for civil liability. *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) ("Brown alleges that the defendants violated various criminal statutes [including § 242], but most do not provide a private cause of action.").

order the Defendants to provide honest service and refrain from "limit[ing] the generality of the term money." (*Id*. at 6.)

Howard also filed Exhibits to his Complaint. (ECF Nos. 4, 5.) The first set of Exhibits includes a form of Order granting the relief requested in the Complaint (ECF No. 4 at 2), a document Howard titles "U.S. Dollar Electronic Money" in which Howard purports to explain the difference between physical notes and electronic accounts and the role of the Federal Reserve in administering the banking industry (*id*. at 4-5), and a document titled "Certificate to Substantiate Fact" in which Howard seeks to "induce" the Board, through FDIC insured banks, to insure Social Security accounts. (*id*. at 6-7). The second set of Exhibits includes a document titled "Lawsuit in Law is the Recovery of a Right or Claim," in which Howard seeks to describe the nature of a legal claim. (ECF No. 5 at 2-3.) He again references 18 U.S.C. § 242. (*Id*.) Howard also includes a document in which he purports to explain how funds are transferred between banks and into and out of individual accounts. (*Id*. at 4-6.) The documents included in the Exhibits do not assert claims or otherwise clarify the nature of Howard's claims as set forth in his Complaint.

## II.     STANDARD OF REVIEW

The Court will grant Howard leave to proceed *in forma pauperis* because it appears that he is unable to pay the required filing fee. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is "frivolous." A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Additionally, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal

Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).

"At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Howard is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Section 1915 also requires the dismissal of claims for monetary relief brought against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); *Rauso v. Giambrone*, 782 F. App'x 99, 101 (3d Cir. 2019) (*per curiam*) (holding that § 1915(e)(2)(B)(iii) "explicitly states that a court shall dismiss a case 'at any time' where the action seeks monetary relief against a defendant who is immune from such relief"). Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III.    DISCUSSION

Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies. *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008). "That case-or-controversy requirement is satisfied only where a plaintiff has standing."

*Id.* Standing is a "threshold" issue. *Wayne Land & Min. Grp., LLC v. Delaware River Basin Comm'n*, 959 F.3d 569, 573-74 (3d Cir. 2020). "It is an 'irreducible constitutional minimum,' without which a court would not have jurisdiction to pass on the merits of the action." *Id.* Consequently, federal courts must raise the issue of standing *sua sponte*. *Id.* If a litigant does not meet the standing requirements, the case must be dismissed for lack of subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998). The plaintiff bears the burden of establishing standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

"[T]he irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* (internal quotations omitted). Second, there must be a "causal connection between the injury and the conduct complained of" such that the injury is fairly traceable to the defendant's conduct. *Id.* Third, it must be likely that the plaintiff's injury will be redressed by a favorable decision. *Id.* at 561; *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (explaining that the "irreducible constitutional minimum of standing" requires the plaintiff to "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision").

Howard's Complaint suffers from several deficiencies, the most significant being his failure to allege that he has suffered any injury as a result of the conduct alleged. Howard's allegations describe an alleged practice among banking institutions to associate bank customers' Social Security numbers with bank accounts or use Social Security numbers as personal identification. (Compl. at 3-5.) According to Howard, this is not the intended purpose of a Social Security number and can result in financial injury or consumer fraud. However, Howard does not

allege that the Defendants have associated his Social Security number with any account or used his Social Security number as personal identification, and that he suffered injury as a result.

Moreover, Howard's Complaint does not include factual allegations describing any injuries he has sustained as a result of the practices that he describes. He also does not request an award of money damages, only a request that the Court require the Defendants to provide "honest service" and refrain from "limit[ing] the generality of the term money." (Compl at 6.) He does not explain how this relief would bring an end to the practices described. To the extent Howard is attempting to address a general grievance, he has not stated a case or controversy over which this Court has jurisdiction. *See Lance v. Coffman*, 549 U.S. 437, 439 (2007) (*per curiam*) ("[A] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen' s interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." (quotations omitted)).

Howard has failed to set forth an injury, much less an injury caused by the named Defendants. Moreover, he has not alleged that he believes that he will suffer injury as a result of the described practices in the future. Additionally, he has failed to explain how, if the Court were to grant him a favorable decision, the relief he requests would in any way ameliorate or result in the cessation of the practices he describes. *See Lujan*, 504 U.S. at 560-61 (holding that one element of standing is the likelihood that the plaintiff's injury will be redressed by a favorable decision). Therefore, Howard lacks standing to bring any claim that may exist based on the Defendants' alleged practices and his claims must be dismissed because the Court lacks jurisdiction to entertain them.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Howard leave to proceed *in forma pauperis* and dismiss the Complaint for lack of subject matter jurisdiction.  As any attempt to amend the Complaint would be futile, Howard will not be granted leave to amend.  *Grayson*, 293 F.3d at 110; *see also Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000).  An appropriate Order follows.